UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN DIETRICH,

        Plaintiff,

v.                                                                                 Case No. 14-cv-1202-pp

CAROLYN W. COLVIN,

        Defendant.

---

**ORDER VACATING THE FINAL ADMINISTRATIVE DECISION OF THE COMMISSIONER, AND REMANDING FOR FURTHER PROCEEDINGS**

---

**I.    INTRODUCTION**

Plaintiff Kathryn Dietrich seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, who found that she was not "disabled" within the meaning of the Social Security Act. The Social Security Administration's Appeals Council denied review, making the administrative law judge's (ALJ's) decision the final decision of the Commissioner.

The plaintiff contends that the ALJ erred by failing to evaluate the plaintiff's fibromyalgia and carpel tunnel syndrome, rendering an erroneous residual functional capacity determination, improperly evaluating the opinion evidence, making an adverse credibility determination, and failing to evaluate the appropriate listings in connection with the plaintiff's conditions. The plaintiff asserts that this court should reverse the Commissioner's decision and

1

award her benefits, or remand the case to the ALJ for further proceedings. For the reasons stated below, the court will vacate the Commissioner's decision and remand for further proceedings consistent with this order.

## II. STANDARD OF REVIEW

### A. Judicial Review

When the Appeals Council denies a claimant's request review, the ALJ's decision constitutes the final decision of the Commissioner. Moore v. Colvin, 743 F.3d 1118, 1120 (7th Cir. 2014). Judicial review under §405(g) is limited; the district court will reverse only if the ALJ's decision is not supported by substantial evidence, is based on legal error, or is so poorly articulated as to prevent meaningful review. Hopgood ex rel. L.G. v. Astrue, 578 F.3d 696, 698 (7th Cir. 2009). "An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." Id. (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Barnett v. Barnhart, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). If conflicting evidence in the record would allow reasonable minds to disagree about whether the claimant is disabled, the ALJ's decision to deny the application for benefits must be affirmed. Elder v. Astrue, 529 F.3d 408, 413 (7th Cir. 2008).

The district court must review the entire record, including both the evidence that supports the ALJ's conclusions as well as evidence that detracts from the ALJ's conclusions, but it may not "displace the ALJ's judgment by

2

reconsidering facts or evidence, or by making independent credibility determinations." Id.

In sum, the district court will uphold a decision so long as the record reasonably supports it and the ALJ explains his analysis of the evidence with enough detail and clarity to permit meaningful review. Eichstadt v. Astrue, 534 F.3d 663, 665-66 (7th Cir. 2008).

B. Disability Determination

The Social Security Administration provides "disability insurance benefits and supplemental security income to persons who have a 'disability.'" Barnhart v. Thomas, 540 U.S. 20, 22 (2003) (citing 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B)). To qualify as "disabled," the claimant must demonstrate a "physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. at 21-22. The Social Security Act further

> defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Id. at 23.

In evaluating a claim for disability benefits, the ALJ follows a five-step, sequential process, asking:

3

> (1) Has the claimant engaged in substantial gainful activity since her alleged onset of disability?
>
> (2) If not, does she suffer from a severe, medically determinable impairment?
>
> (3) If so, does that impairment meet or equal any impairment listed in SSA regulations as presumptively disabling?
>
> (4) If not, does she retain the residual functional capacity ("RFC") to perform her past work?
>
> (5) If not, can she perform other jobs existing in significant numbers?

E.g., Villano v. Astrue, 556 F.3d 558, 561 (7th Cir. 2009).

If it appears at any step that the claimant is not disabled, the analysis ends. 20 C.F.R. §404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005).

## III. DISCUSSION

### A. Factual Background and Procedural History

In her disability application, the plaintiff alleged that she became disabled on April 30, 2010 as a result of a stroke, diabetes, neuropathy, pinched nerves, sleep apnea, depression, and—of primary importance to this court's decision to vacate and remand this case to the Commissioner—fibromyalgia. Dkt. No. 12 at 1. The plaintiff's medical records clearly reflect that she has a diagnosis of fibromyalgia. E.g., Dkt. No. 15-10 at 16, 18, and 67; Dkt. No. 15-12 at 17. At the hearing before the ALJ, the plaintiff testified that

4

she takes medication for fibromyalgia and has been treated for fibromyalgia for "[a] long time." Dkt. No. 15-3 at 27.

The ALJ issued her decision on June 28, 2013. Dkt. No. 15-4. At step one of the five-step sequential analysis, she found that the plaintiff had not engaged in substantial gainful activity since the plaintiff's alleged disability onset date of April 30, 2010. Id. at 9. At step two, she found that the plaintiff had "the following severe impairments: diabetes mellitus, obesity, status post transient ischemic attacks, degenerative disk disease of the cervical and lumbar spine, obstructive sleep apnea and a history of anticardiolipin antibody." Id. The ALJ found that the plaintiff's depression was not severe because it did not cause more than a minimal limitation on the plaintiff's ability to perform basic mental work activities. Id.

At step three, however, the ALJ concluded that the plaintiff was not disabled because she did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404 Subpart P, Appendix 1 (20 C.F.R. §§404.1520(d), 404.1525, and 404.1526). Id. at 11. She based this conclusion on her review of the medical evidence and the opinions of state agency medical consultants, who determined that the plaintiff's severe impairments did not meet the criteria of any listed impairment. Id.

The ALJ summarized the plaintiff's testimony at the evidentiary hearing and recounted the plaintiff's medical records over several pages of her decision.

5

After this detailed summary, the ALJ stated that the plaintiff's medical providers had determined that her daily activity level did not support the severity of her alleged limitations <u>Id.</u> at 18. She concluded that the plaintiff "ha[d] the residual functional capacity to perform light work," except that the plaintiff must avoid "concentrated exposure to hazards such as moving machinery and unprotected heights," and "all exposure to extreme cold, fumes, odors, dusts, gases, soldering fluxes, dust, and hazards." <u>Id.</u> at 11. The ALJ further determined that the plaintiff "c[ould] handle and finger bilaterally on a frequent, but not constant, basis. She is limited to simple, routine and repetitive work tasks." <u>Id.</u>

> B. <u>The Court Must Vacate and Remand Because the ALJ Failed to Consider Evidence of the Plaintiff's Fibromyalgia at Either Step Two or Step Five.</u>

Despite the record evidence showing the plaintiff has been diagnosed with fibromyalgia, the ALJ did not address the fibromyalgia diagnosis or its impact on the plaintiff at any point in her written decision. Nor did she state whether she considered Social Security Ruling ("SSR") 12–2p; Titles II and XVI: Evaluation of Fibromyalgia, which was published and effective on July 25, 2012 (almost a year prior to the ALJ's decision). The stated purpose of SSR 12-2p is to provide "guidance on how [the SSA] develop[s] evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how [SSA] evaluate[s] FM in disability cases . . . ." Section VI(D) of the policy interpretation section of SSR 12-2p provides, "

> We consider the effects of all of the person's medically determinable impairments, including impairments that are

6

> "not severe." For a person with [fibromyalgia], we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have "bad days and good days."

The Seventh Circuit has explained that a diagnosis of fibromyalgia, by itself, is not sufficient to establish that a person is disabled. Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). But given the record evidence that the plaintiff had been diagnosed with fibromyalgia, the ALJ was required to evaluate the extent to which the plaintiff's fibromyalgia limited her functional capabilities. Aquino v. Colvin, No. 12-C-4557, 2014 WL 7190890, at *11 (N.D. Ill. Dec. 16, 2014) (There is substantial evidence that Plaintiff suffered from fibromyalgia . . . Accordingly, the ALJ was required to evaluate the intensity, persistence, and limiting effects of this condition."). Cf. Tooley v. Colvin, No. 13-c-3520, 2015 WL 4448114, at *3 (N.D. Ill. Jul. 20, 2015) ("Absent an actual diagnosis, the AU [sic] was not required to evaluate Claimant's alleged fibromyalgia in accordance with SSR 12-2p.").

Because the ALJ did not discuss the plaintiff's fibromyalgia at any point in her written decision, the court is left to guess about how (if at all) the ALJ factored the plaintiff's fibromyalgia into her decision that the plaintiff was not disabled and her determination that the plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credible . . . ." Dkt. No. 15-4 at 12. Because the court cannot make that determination in the first instance, the court must vacate and remand this case to the Commissioner. E.g., Kinard v. Colvin No. 13-C-4363, 2015 WL 2208177, at *3 (N.D. Ill. May 7, 2015) ("there is clear evidence in the record

7

that indicates a diagnosis of fibromyalgia, and thus the duty rests with the ALJ . . . to analyze, discuss, and weigh the value of that evidence in light of SSR 12–2p . . . The ALJ did not do that here, and therefore the Court cannot conclude that his decision is based on substantial evidence.").

Because the court must remand the case on the basis of the ALJ's failure to consider the evidence of the plaintiff's fibromyalgia, the court need not address the remaining asserted errors that the plaintiff raises in her briefs. The plaintiff may raise those issues on remand, so that the ALJ may consider them when re-evaluating the plaintiff's claim for disability benefits. The court also recognizes the possibility that the evidence "would yield the same conclusion even if it were analyzed under SSR 12–2p," Kinard, 2015 WL 2208177, at *3, but the ALJ must weigh the evidence in the first instance and determine if the plaintiff is disabled.

## IV. CONCLUSION

The court **ORDERS** that that the final administrative decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the plaintiff's application for disability benefits is **VACATED.** The court **REMANDS** this case under sentence four of §405(g) of the Social Security Act to the Commissioner for further proceedings consistent with this order; specifically, the court remands with instructions that the ALJ consider the evidence

8

regarding the plaintiff's fibromyalgia, using the guidance provided in SSR 12-2p. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge